# Exhibit A



January 16, 2025

*VIA EMAIL*

Lolita Barnes
U.S. Department of Agriculture
National FOIA/PA Officer
1400 Independence Avenue SW
South Building - Stop 0706
Washington, DC 20250-0706
RD.FOIA@usda.gov

**Re: FOIA Request Regarding Empowering Rural America (New ERA) Program Participation**

Dear Freedom of Information Officer:

This is a request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the USDA regulations at 7 C.F.R. § 1.1, *et seq*, from Sierra Club, a nonprofit organization whose purpose is to explore, enjoy and protect the wild places of the earth; to practice and promote the responsible use of the earth's ecosystems and resources; and to educate and enlist humanity to protect and restore the quality of the natural and human environments.

On May 16, 2023, U.S. Department of Agriculture ("USDA") Rural Utilities Service (RUS) issued a Notice of Funding Opportunity ("NOFO") for the Empowering Rural America (New ERA) Program to disperse $9.7 billion in funding as authorized under section 22004 of the Inflation Reduction Act (IRA) of 2022. The NOFO set out multiple stages of the funding opportunity, including the solicitation of Letters of Interest from eligible entities, an evaluation stage, the extension of Notices to Proceed to selected eligible entities, New ERA Applications, and Commitment Letters. On September 27, 2023, in an announcement of "Record Demand to Advance Clean Energy," USDA indicated that it had received 157 New ERA proposals from "nearly every state and Puerto Rico for more than 750 high-quality clean energy projects."[1] As of January 15, forty three (43) rural electric cooperatives have been awarded funds under the New ERA program.[2]

---

[1] USDA. September 27, 2023. USDA Sees Record Demand to Advance Clean Energy in Rural America Through President Biden's Investing in America Agenda
https://www.usda.gov/media/press-releases/2023/09/27/usda-sees-record-demand-advance-clean-energy-rural-america-through

[2] USDA. September 5 and October 25, 2024. Empowering Rural America Program: Project Announcements.  https://www.rd.usda.gov/empowering-rural-america-program-project-announcements

The New ERA program has been explicitly deployed as a competitive program, seeking applications that propose to achieve the greatest reductions in greenhouse gas emissions. The New ERA program also represents one of the largest single budget authorizations of the IRA, but has provided relatively little transparency on the applicant pool, the selection of the applicants, or the programmatic work that is advancing under this budget authorization. Sierra Club seeks basic information on the deployment of this program to both examine and protect the records of decision.

## **REQUESTED RECORDS**[3]

Sierra Club requests Records of the following type in the possession, custody, or control of the USDA. The timeline for this request is May 16, 2023 up through and including the date that you conduct your search for documents.

1. Every Letter of Interest (LOI) submitted to USDA under the Empowering Rural America (New ERA) Program, and as described in the Notice of Funding Opportunity (NOFO) in 88 FR 31218 on May 16, 2023. As described in NOFO D.2.i., the provided records should disclose at least the:
    a. Eligible Entity's legal name and address;
    b. Project name(s);
    c. Type and amount of financial assistance requested;
    d. Estimation of the proposed GHG reduction from the Portfolio of Actions;
    e. Technical description of the Project(s) it intends to finance if it receives an Award; and
    f. Any accompanying submissions from the RUS Achievable Reductions Tool or comparable data.

   If the requested records here have been compiled into a database or other comparable form, the provision of the database will fulfill this request.

2. The most up-to-date version of any spreadsheet or other analytical tool used to assess the relative merits of LOIs by USDA, from either the points system described in the NOFO or other criteria applied by USDA. If other criteria for advancement were used by USDA other than those described in the NOFO, please provide documentation of those criteria.

3. Every Invitation to Proceed extended to an eligible entity, irrespective of if the eligible entity ultimately elected to proceed with a full application.

---

[3] "Records" means information of any kind, including writings (handwritten, typed, electronic or otherwise produced, reproduced or stored), letters, memoranda, correspondence, notes, applications, completed forms, studies, reports, reviews, guidance documents, policies, telephone conversations, telefaxes, emails, documents, databases, drawings, graphs, charts, photographs, minutes of meetings, electronic and magnetic recordings of meetings, and any other compilation of data from which information can be obtained. Without limitation, the records requested include records relating to the topics described below at any stage of development, whether proposed, draft, pending, interim, final or otherwise. All of the foregoing are included in this request if they are in the possession of or otherwise under the control of USDA, National Headquarters and all of its Offices, Regions and other subdivisions.

4. All final agreements between USDA and each of the Awarded Recipients listed on USDA's "Empower Rural America Program: Project Announcements" website,[4] relating to commitments on the part of the applicant or grantee to reduce greenhouse gas emissions, including, but not limited to, commitments and timelines to modify operations at existing facilities, permanently cease generation, or replace any generation facilities.

## DUTY TO PRESERVE RECORDS

USDA must preserve all the records requested herein while this FOIA is pending or under appeal. 7 CFR § 1.11 ("[r]ecords will not be disposed of, or destroyed, while they are the subject of a pending request, appeal, or lawsuit under the FOIA"); *see Chambers v. U.S. Dep't of Interior,* 568 F.3d 998, 1004 (D.C. Cir. 2009) ("an agency is not shielded from liability if it intentionally transfers or destroys a document after it has been requested under FOIA or the Privacy Act"). Accordingly, please immediately advise custodians of potentially responsive records that the above records have been requested under FOIA and therefore may not be destroyed.

If any of the requested records are destroyed, the agency and responsible officials are subject to attorney fee awards and sanctions, including fines and disciplinary action. *See, e.g., Landmark Legal Found. v. EPA*, 272 F.Supp.2d 59, 62 (D.D.C. 2003); *see also Judicial Watch, Inc. v. Dep't of Commerce*, 384 F. Supp. 2d 163, 169 (D.D.C. 2005). (awarding attorneys' fees and costs because, among other factors, "likely responsive documents were destroyed and removed"), *aff'd in relevant part*, 470 F.3d 363, 375 (D.C. Cir. 2006).

## EXEMPT RECORDS

Should you decide to invoke a FOIA exemption with regard to any of the requested records, please include in your full or partial denial letter sufficient information for the Sierra Club to appeal the denial. To comply with legal requirements, the following information must be included:

1. Basic factual material about each withheld item, including the originator, date, length, general subject matter, and location of each item; and

2. Explanations and justifications for denial, including the identification of the category within the governing statutory provision under which the document (or portion thereof) was withheld and a full explanation of how each exemption fits the withheld material.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and deliver the non-exempt portions of such records to my attention within the statutory time limit. 5 U.S.C. § 552(b).

---

[4] https://www.rd.usda.gov/empowering-rural-america-program-project-announcements

## FORMAT OF REQUESTED RECORDS

Under FOIA, you are obligated to provide records in the format requested if the record is readily reproducible by the agency in that format. *See, e.g.*, 5 U.S.C. § 552(a)(3)(B). We request that you provide electronic documents individually, and not as batched files. Specifically, for any document stored as Electronically Stored Information ("ESI"), we request that the document be produced in the native file type. This includes e-mail (whether sent, received or drafted), word-processing files, tables, charts, graphs and database files, electronic calendars, proprietary software files, and spreadsheets. ESI can also be provided in the form of a load file that includes a common file type (TIFF, HTML, PDF) while maintaining access to the native file and its source data, including the ability to keyword search documents.

## FEE WAIVER REQUEST

I respectfully request that you waive all fees in connection with this request as provided by 5 U.S.C. § 552(a)(4)(A)(iii) and 7 CFR § 1.12(p). Sierra Club is the nation's oldest grassroots environmental organization with more than 3 million members and supporters nationwide. Sierra Club is a leading non-governmental organization seeking to educate and mobilize the public on issues of environmental protection including climate change, fossil fuel energy, clean energy, and clean water. Sierra Club has spent years promoting the public interest through the development of policies that protect human health and the environment, and has routinely received fee waivers under FOIA.[5]

FOIA was designed to provide citizens a broad right to access government records. FOIA's basic purpose is to "open agency action to the light of public scrutiny," with a focus on the public's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 773-74 (1989) (internal quotation and citations omitted). In order to provide public access to this information, FOIA's fee waiver provision requires that "[d]ocuments shall be furnished without any charge or at a [reduced] charge," if the request satisfies the standard. 5 U.S.C. § 552(a)(4)(A)(iii). The 1986 fee waiver amendments were designed specifically to provide non-profit organizations such as Sierra Club access to government records without the payment of fees. *Ettlinger v. FBI*, 596 F. Supp. 867, 872 (D. Mass. 1984) (fee waiver provision intended "to prevent government agencies from using high fees to discourage certain types of requesters and requests," which are "consistently associated with requests from journalists, scholars, and non-profit public interest groups.").

As explained below, this FOIA request satisfies the factors listed in USDA's governing regulations for waiver or reduction of fees, as well as the requirements of fee waiver under the FOIA statute – that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii), *see*

---

[5] For recent examples, *see* FOIA Request Reference No. EPA-HQ-2017-2172 (fee letter waiver received Jan. 9, 2017); FOIA Request Reference No. EPA-HQ-2017-008571 & EPA-HQ-2017-008581 (fee letter waiver received June 27, 2017); FOIA Request Reference No. EPA-HQ-2017-008568 (fee letter waiver received June 28, 2017).

*also* 7 CFR § 1.12(p)(1).

1. **The subject matter of the requested records specifically concerns identifiable "operations and activities of the government."**

The requested records relate to the actions and decisions of USDA as they pertain to an ongoing government program intended to support rural electric infrastructure and improve the quality of life for rural residents. By their very definition, the documents concern "identifiable operations or activities of the government."

2. **The disclosure of the requested documents would be meaningfully informative and "likely to contribute to an understanding of Federal government operations or activities."**

Disclosure of the requested records will allow Sierra Club to convey information to the public about the actions and communications of the U.S. Department of Agriculture regarding a Rural Utilities Service program.

Once the requested documents are made available, Sierra Club will analyze them and present its findings to its members and online activists and the general public in a manner that will meaningfully enhance the public's understanding of how USDA has deployed the New ERA program. The documents requested will thus be "meaningfully informative" and "likely to contribute" to an understanding of USDA's operations.

The requested records are not otherwise in the public domain and are not accessible other than through a FOIA request. Thus, the requested documents provide information that is not already in the public domain and are accordingly likely to meaningfully contribute to public understanding of governmental operations.

3. **The disclosure would contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons.**

Sierra Club has long-standing experience and expertise in the subject area of the FOIA requests, including issues related to government accountability and transparency, the Clean Air Act, Clean Water Act, climate policy, the protection of the natural environment, and the development and use of energy resources.

Sierra Club disseminates the information it receives through FOIA requests in a variety of ways, such as: analysis and distribution to the media, distribution through publication and mailing, posting on its website, emailing and listserve distribution to our members across the U.S., and via public meetings and events. Every year the Sierra Club website receives over 25 million unique visits and over 30 million page views. Sierra Magazine is a bi-monthly magazine with a printed circulation of approximately 650,000 copies. Sierra Club Insider, an electronic newsletter, is sent to nearly 3 million people twice a month. In addition, Sierra Club disseminates information obtained by FOIA requests through comments to administrative agencies, and where

necessary, through the judicial system. In the past, Sierra Club has published, posted, or disseminated numerous stories about health, the environment and alternative energy.[6]

Sierra Club intends to share the information received from this FOIA request with the public at large, our members, the media and our allies who share a common interest in the operations of the USDA, RUS, and the New ERA program.

Sierra Club unquestionably has the "specialized knowledge" and "ability and intention" to disseminate the information requested in the broad manner outlined above, and to do so in a manner that contributes to the understanding of the "public-at-large."

4. **The disclosure would contribute "significantly" to public understanding of government operations or activities.**

As discussed in section (2) above, the records requested will significantly contribute to the public understanding of governmental operations, and activities. There is limited public information available about the details of the Rural Utilities Service loan program and details surrounding this program are of interest to Sierra Club members and allies.

5. **The requester has no commercial interest that would be furthered by the requested disclosure.**[7]

Sierra Club has no commercial interest in the requested records. Nor does it have any intention to use these records in any manner that "furthers a commercial, trade, or profit interest" as those terms are commonly understood. Sierra Club is a nonprofit, tax-exempt organization under sections 501(c)(3) and 501(c)(4) of the Internal Revenue Code, and as such has no commercial interest. The requested records will be used for the furtherance of Sierra Club's mission to inform the public on matters of vital importance to the environment and public health.

Sierra Club respectfully requests that USDA waive processing and copying fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 7 CFR § 1.12(p)(1)(ii) because the public will be the primary beneficiary of this requested information. In the event that your agency denies a fee waiver, please send a written explanation for the denial. In the event that fees are ultimately assessed, please do not incur expenses beyond $250 without first contacting our office for explicit

---

[6] For example, Sierra Club publicized results of its FOIA requests regarding outside influence on foreign travel at the EPA, a story that was picked by the New York Times. Lisa Friedman, Eric Lipton and Kenneth P. Vogel, *Ex-Lobbyist for Foreign Governments Helped Plan Pruitt Trip to Australia*, The New York Times, https://www.nytimes.com/2018/05/02/climate/epa-pruitt-australia-travel.html. Sierra Club also publicized the results of its FOIA requests regarding agency job freezes, a story that was picked up by the Washington Post. Alexander Rony, *Trump Admin Policy Leaves 700 CDC Jobs Vacant*, The Planet, http://www.sierraclub.org/planet/2017/05/trump-admin-policies-leave-700-cdc-jobs-vacant; Lena H. Sun, *Nearly 700 vacancies at CDC because of Trump administration's hiring freeze*, The Washington Post, https://www.washingtonpost.com/news/to-your-health/wp/2017/05/19/nearly-700-vacancies-at-cdc-because-of-trump-administration-hiring-freeze/?utm_term=.6c2e70d8581e.

[7] Because Sierra Club has no commercial interest, it is not necessary to consider the final factor for a fee waiver, which compares the magnitude of an identified commercial interest to the public interest in disclosure.

authorization.

## **RECORD DELIVERY**

We appreciate a prompt determination on the requested records. As mandated in FOIA, we anticipate a reply within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i); 7 CFR § 1.6(b). Failure to comply within the statutory timeframe may result in Sierra Club filing an action before the relevant U.S. District Court to ensure timely receipt of the requested materials. We request that you email copies of the requested records and any communications to:

| | |
|---|---|
| Jeremy Fisher | Joshua Smith |
| Sierra Club | Sierra Club |
| jeremy.fisher@sierraclub.org | joshua.smith@sierraclub.org |

Please send documents on a rolling basis. USDA's search for—or deliberations concerning—certain records should not delay the production of others that EPA has already retrieved and elected to produce. *See generally* 7 CFR § 1.6 (describing response deadlines).

Thank you for your cooperation. If you find that this request is unclear in any way please do not hesitate to contact me at the information provided below. I will do my best to clarify the request or otherwise expedite and simplify your efforts to comply.

Sincerely,

/s/ *Jeremy Fisher*

| | |
|---|---|
| Jeremy Fisher | Joshua Smith |
| Sierra Club Environmental Law Program | Senior Staff Attorney |
| 2101 Webster Street, Suite 1300 | Sierra Club Environmental Law Program |
| Oakland, CA 94612 | 2101 Webster Street, Suite 1300 |
| jeremy.fisher@sierraclub.org | Oakland, CA 94612 |
| 415-977-5536 | joshua.smith@sierraclub.org |
| | 415-977-5560 |