# Exhibit B



February 4, 2025

*VIA Email*

**Lolita Barnes, FOIA/PA Officer**
USDA Rural Development Business Center
Records and Information Management Branch
1400 Independence Avenue, SW, STOP 0706
Washington, DC 20250-0706
Telephone: 202-720-2826
Email: RD.FOIA@usda.gov

Re:   Freedom of Information Act Request: Withholding of Funds for Clean Energy, Energy Affordability, and Environmental Quality

Dear FOIA Officer:

Sierra Club and Environmental Integrity Project ("EIP") submit this request under the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), and the U.S. Department of Agriculture ("USDA") regulations at 7 C.F.R. § 1.1 *et seq*. Sierra Club is a leading non-governmental organization seeking to educate and mobilize the public on issues of climate change, fossil fuel energy and clean energy, as well as the organization's long-standing interest in government accountability and transparency. EIP is a nonprofit organization dedicated to protecting public health and our natural resources by holding polluters and government agencies accountable under the law, advocating for tough but fair environmental standards, and empowering communities fighting for clean air and clean water.

## REQUESTED RECORDS

Sierra Club and EIP request the following records[1] in the possession, custody, or control of

---

[1] "Records" means information of any kind, including writings (handwritten, typed, electronic or otherwise produced, reproduced or stored), letters, memoranda, correspondence, notes,

USDA from January 20, 2025, up through and including the date of your search for records:

1. All records reflecting communications or instructions to, or from, USDA, related to (a) pausing, (b) permanently withholding, (c) restarting, or (d) reprogramming or repurposing disbursements for a specific grant or loan program, or an individual grant or loan, under the Inflation Reduction Act of 2022, Pub. L. 117-169:[2]
    a. IRA § 21001 (Climate Smart Agricultural Conservation Investments)
    b. IRA § 21002 (Conservation Technical Assistance and a Carbon Sequestration and GHG Quantification Program)
    c. IRA § 22001 (Funding for Renewable Energy Electricity and Storage)
    d. IRA § 22002 (Rural Energy for America Program)
    e. IRA § 22004 (Assistance for Rural Electric Cooperatives)
    f. IRA § 23001 (National Forest System Restoration and Fuels Reduction Projects)
    g. IRA § 23002 (Forest Landowner Climate Mitigation Participation)
    h. IRA § 23003 (Forestry Conservation Programs)
2. All records reflecting the rationale(s) provided for the instruction to temporarily or permanently withhold disbursements referenced in part (1) above.
3. All records created between January 20, 2025 and the date of your search, reflecting a notification to a grant or loan recipient that the agency is withholding or terminating a grant disbursement, or reflecting the agency's rationale for the withholding or termination referenced in part (1) above.
4. All records identifying grants or loans referenced in part (1) above that were issued prior to January 20, 2025 and that were terminated between January 20, 2025 and the date of your search.
5. All records reflecting the rationale for the terminations identified in part (4) above.
6. All records reflecting the agency's policy or standards for terminating a grant or loan agreement referenced in part (1) above, that (a) were in place as of January 19, 2025 and (b) that are in place as of the date of your search for responsive records.
7. All communications created between January 20, 2025 and the date of your search, directing any person to identify, archive, modify, or unpublish a USDA webpage focused on climate change, renewable energy, or the Inflation Reduction Act.

---

applications, completed forms, studies, reports, reviews, guidance documents, policies, telephone conversations, telefaxes, emails, documents, databases, drawings, graphs, charts, photographs, minutes of meetings, electronic and magnetic recordings of meetings, and any other compilation of data from which information can be obtained. Without limitation, the records requested include records relating to the topics described below at any stage of development, whether proposed, draft, pending, interim, final or otherwise. All of the foregoing are included in this request if they are in the possession of or otherwise under the control of the USDA and its underlying offices or subdivisions.

[2] All citations to the Public Law version of the Inflation Reduction Act of 2022, Pub. L. 117-169.

## DUTY TO PRESERVE RECORDS

USDA must preserve all the records requested herein while this FOIA is pending or under appeal. *See Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1004 (D.C. Cir. 2009) ("an agency is not shielded from liability if it intentionally transfers or destroys a document after it has been requested under FOIA or the Privacy Act"). Accordingly, please immediately advise custodians of potentially responsive records that the above records have been requested under FOIA and therefore may not be destroyed.

If any of the requested records are destroyed, the agency and responsible officials are subject to attorney fee awards and sanctions, including fines and disciplinary action. *See, e.g.*, *Landmark Legal Found. v. EPA*, 272 F.Supp.2d 59, 62 (D.D.C. 2003) (holding agency in contempt and awarding plaintiff's costs and fees for destroying "potentially responsive material contained on hard drives and email backup tapes"); *Judicial Watch, Inc. v. Dep't of Commerce*, 384 F. Supp. 2d 163, 169 (D.D.C. 2005) (awarding attorneys' fees and costs because, among other factors, agency's "initial search was unlawful and egregiously mishandled and …likely responsive documents were destroyed and removed"), *aff'd in relevant part*, 470 F.3d 363, 375 (D.C. Cir. 2006); *Jefferson v. Reno*, 123 F. Supp. 2d 1, 6 (D.D.C. 2000).

## EXEMPT RECORDS

Should you decide to invoke a FOIA exemption with regard to any of the requested records, please include in your full or partial denial letter sufficient information for the Sierra Club and EIP to appeal the denial. To comply with legal requirements, the following information must be included:

1. Basic factual material about each withheld item, including the originator, date, length, general subject matter, and location of each item; and

2. Explanations and justifications for denial, including the identification of the category within the governing statutory provision under which the document (or portion thereof) was withheld and a full explanation of how each exemption fits the withheld material.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and deliver the non-exempt portions of such records to my attention at the address below within the statutory time limit. 5 U.S.C. § 552(b).

## FORMAT OF REQUESTED RECORDS

Under FOIA, you are obligated to provide records in a readily accessible electronic format and in the format requested. *See, e.g.*, 5 U.S.C. § 552(a)(3)(B) ("In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format.").

Please provide all records in an electronic .pdf format that is text-searchable and OCR-formatted. Portfolios and embedded files within files are not readily accessible. Please do not provide the records in a single, or "batched,".pdf file format.

## RECORD DELIVERY

We appreciate a prompt determination on the requested records. As mandated in FOIA, we anticipate a reply within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i). Failure to comply within the statutory timeframe may result in Sierra Club and EIP filing an action in U.S. District Court to ensure timely receipt of the requested materials. You may email copies of the requested records to the following address, or arrange for other electronic transfer by contacting:

>Joshua Smith
>Sierra Club
>joshua.smith@sierraclub.org

If you are unable to deliver the documents through electronic means, please deliver the documents to:

>Joshua Smith
>Sierra Club Environmental Law Program
>2101 Webster Street, Suite 1300
>Oakland, CA 94612

Please send documents on a rolling basis. USDA's search for—or deliberations concerning—certain records should not delay the production of others that USDA has already retrieved and elected to produce. *See generally* 7 C.F.R. § 1.6 (describing response deadlines).

## REQUEST FOR EXPEDITED PROCESSING

Sierra Club and EIP request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E)(i) and 7 C.F.R. § 1.6(e)(1)(ii). A FOIA requester demonstrates a need for expedited process where the requester is a "person primarily engaged in disseminating information," and there is "an urgency to inform the public about actual or alleged federal government activity." 7 C.F.R. § 1.6(e)(1)(ii).

Here, there is a compelling need for the immediate release of the information requested. First, Sierra Club and EIP seek the requested information "primarily" for the purpose of disseminating information about the Trump Administration's announced clean energy funding freeze to Sierra Club members, supporters, and the public. 7 C.F.R. § 1.6(e)(1)(ii). As noted in Sierra Club's mission statement, one of the three elements of the mission listed is to "*educate* and enlist

humanity to protect and restore the quality of the natural and human environment."[3]

Sierra Club disseminates information it receives through FOIA requests in a variety of ways, including: analysis and distribution to the media, distribution through publication and mailing, posting on its website, emailing and list serve distribution to our members across the U.S., and via public meetings and events. Every year the Sierra Club website receives over 15 million page views by 5,492,373 users; on average, the site gets 39,000 visits per day. *Sierra* is a magazine with a printed circulation of approximately 440,000 copies. An additional 50,000 Sierra Club members receive a "tree-free" digital replica edition. *Sierra* publishes online daily at www.sierramagazine.org and reaches about 125,000 readers a month, most of whom are not Sierra Club members or supporters. Sierra Club Insider, an electronic newsletter, is sent to over 2.2 million people twice a month.[4] In addition, Sierra Club disseminates information obtained by FOIA requests through comments to administrative agencies, and where necessary, through the judicial system.

Sierra Club's Freedom of Information Act work has a long track record of success in exposing and publicizing governmental waste and misconduct. Former EPA Administrator Scott Pruitt and Chief Air Quality official Bill Wehrum resigned due in part to information exposed through Sierra Club's Freedom of Information requests. As an article in the Hill stated, "A Trump administration official described the string of FOIA documents following the Sierra Club's lawsuit as 'the silver bullet' that ended Pruitt,"[5] and a Slate article opined that "Some of the wildest misconduct from the Pruitt era may never have made it into the public eye were it not for the Sierra Club."[6]

Sierra Club has also widely disseminated the results of its FOIA requests regarding past agency funding freezes, like the USDA funding freeze that is the subject of this FOIA request.[7] As in the past, Sierra Club intends to share the information received from this FOIA request with the public at large, our members, the media and our allies who share a common interest in the

---

[3] Sierra Club, Mission Statement, https://www.sierraclub.org/about-sierra-club (emphasis added).
[4] The figures in this paragraph are current as of July 2024, but remain similar.
[5] Miranda Green, *Ex-aid says he'll take credit for Pruitt's downfall*, The Hill, July 8, 2018, https://thehill.com/policy/energy-environment/396000-ex-aide-says-hell-take-credit-for-pruitts-downfall.
[6] Aaron Mak, *The Sierra Club Declared War on Scott Pruitt – and Won*, Slate, July 20, 2018, https://slate.com/technology/2018/07/scott-pruitt-how-the-sierra-club-declared-war-on-the-epa-head-and-won.html.
[7] Alexander Rony, *Trump Admin Policy Leaves 700 CDC Jobs Vacant*, The Planet, http://www.sierraclub.org/planet/2017/05/trump-admin-policies-leave-700-cdc-jobs-vacant; Lena H. Sun, *Nearly 700 vacancies at CDC because of Trump administration's hiring freeze*, The Washington Post, https://www.washingtonpost.com/news/to-your-health/wp/2017/05/19/nearly-700-vacancies-at-cdc-because-of-trump-administration-hiring-freeze/?utm_term=.6c2e70d8581e.

operations of the USDA.

Second, there is an "urgency to inform the public concerning" USDA's freeze of obligated clean energy grants and other federal funds.[8] Among the factors to be considered as to whether there is a compelling need for the information are "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity." *Al-Fayed v. C.I.A.*, 254 F.3d 300, 310 (D.C. Cir. 2001).

This request seeks to shed light on USDA's withholding of clean energy grants and federal funds that USDA is obligated to disburse under federal law, and whether outside interests are influencing the agency's decisions to withhold or release funding. Under the Inflation Reduction Act of 2022 (Public Law 117-169), Congress appropriated billions of dollars to USDA to guarantee federal loans and provide direct payments to rural nonprofits, governmental entities, tribal authorities, schools, electric cooperatives, and large businesses to encourage investments in clean energy and energy efficiency. Although Congress mandated this spending, it is now at risk as a result of President Trump's January 20, 2025 Executive Order, which directs "[a]ll agencies" to "immediately pause" the disbursement of all funds appropriated through the Inflation Reduction Act.[9] For example, many of the funds appropriated to USDA under the Inflation Reduction Act have already been committed to, or designated for, rural electric cooperatives to incentivize the construction of clean energy resources and the reduction of greenhouse gas and other pollution from fossil fuel-burning generation resources. These funds will improve the health and welfare of millions of Americans, especially rural communities that face financing obstacles to investing in transitioning from fossil fuel-burning generation resources to renewable energy.

Withholding funds that have already been committed through a grant or loan agreement is illegal.[10] And legal experts and policymakers alike have identified the Administration's attempt to delay or withhold funds already appropriated by Congress as raising a constitutional crisis. The seriousness of this matter and the intensive media coverage leave no doubt that the funding freeze and review this request seeks to examine is a matter of urgent and widespread public interest. In addition to threatening the many benefits to the country's environment and economy mandated by Congress under the IRA, the freeze is affecting the public's confidence in the government's ability to function and in the willingness of USDA officials to uphold the law. It is urgent that the public understand what actions USDA is taking to delay or end funding for these important programs, and why.

---

[8] 7 C.F.R. § 1.6(e)(1)(ii).
[9] Executive Order, Unleashing American Energy (Jan. 20, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/unleashing-american-energy/.
[10] See, 31 U.S.C. § 1501; 2 C.F.R. § 200.305(b)(6) ("Payments for allowable costs must not be withheld at any time during the period of performance.").

This request also seeks to ensure the preservation of documents related to USDA's implementation of the Inflation Reduction Act, and its withholding of federal funds and grants to incentivize clean energy and renewable energy development. In the wake of President Trump's Executive Orders, numerous press outlets have reported that data and information on agency websites were about to disappear, or be altered, to comply with the Trump administration's ongoing attempt to scrub federal agencies of any mention of diversity, equity, and inclusion.[11] Moreover, on January 31, 2025, media outlets reported that USDA officials have ordered employees to create a spreadsheet documenting all references to climate change on the agency's website and to delete landing pages dedicated to climate change.[12] USDA's continuing refusal to disburse obligated IRA funds dedicated to reducing greenhouse gas emissions, and the Trump Administration's continuing efforts to purge information from federal agency websites raises the possibility that the Trump Administration has improperly politicized USDA, improperly withheld appropriated funds, and that the agency is intentionally concealing its regulatory activity from an unwary public. Given the public's interest in ensuring that USDA continues to properly disburse funds already appropriated by Congress, and preserve documentation implementing the IRA, USDA should expedite the processing of this request.

## FEE WAIVER REQUEST

We request that you waive all fees in connection with this request as provided by 5 U.S.C. § 552(a)(4)(A)(iii) and 7 C.F.R. § 1.12(p)(1)(i).[13] Sierra Club is the nation's oldest grassroots organization with more than 1.5 million members and supporters nationwide. EIP is a nonpartisan, nonprofit watchdog organization that advocates for effective enforcement of environmental laws. EIP advances its mission by advocating for fair enforcement of environmental laws and regulations; writing and distributing reports and data; taking legal actions against big polluters and government agencies, when necessary; and by teaching communities how to participate in the public process regarding important state and federal environmental decisions. Sierra Club and EIP have each spent years promoting the public interest through the development of policies that protect human health and the environment, and

---

[11] Katherine J. Wu, CDC Data Are Disappearing, The Atlantic, https://www.theatlantic.com/health/archive/2025/01/cdc-dei-scientific-data/681531/

[12] *See* https://www.politico.com/news/2025/01/31/usda-climate-change-websites-00201826

[13] With the award-winning Sierra magazine and its extensive use of blogs to communicate with the public, Sierra Club would also be eligible for a fee waiver as a media requestor. 5 U.S.C. § 552(a)(4)(A)(ii). A representative of the news media is "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii); *see also Elec. Privacy Info. Ctr. V. Dep't of Def.*, 241 F. Supp. 2d 5, 6, 11-15 (D.D.C. 2003) (a "non-profit public interest organization" qualifies as a representative of the news media under FOIA where it publishes books and newsletters on issues of current interest to the public).

both have routinely received fee waivers under FOIA.[14]

FOIA was designed to provide citizens a broad right to access government records. FOIA's basic purpose is to "open agency action to the light of public scrutiny," with a focus on the public's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 773-74 (1989) (internal quotation and citations omitted). In order to provide public access to this information, FOIA's fee waiver provision requires that "[d]ocuments shall be furnished without any charge or at a [reduced] charge," if the request satisfies the standard. 5 U.S.C. § 552(a)(4)(A)(iii). The 1986 fee waiver amendments were designed specifically to provide non-profit organizations such as Sierra Club and EIP access to government records without the payment of fees. *Ettlinger v. FBI*, 596 F. Supp. 867, 872 (D. Mass. 1984) (fee waiver provision intended "to prevent government agencies from using high fees to discourage certain types of requesters and requests," which are "consistently associated with requests from journalists, scholars, and non-profit public interest groups.").

As explained below, this FOIA request satisfies the factors listed in USDA's governing regulations for waiver or reduction of fees, as well as the requirements for a fee waiver under the FOIA statute – that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii), *see also* 7 C.F.R. § 1.12(p)(3).

1. **The subject matter of the requested records specifically concerns identifiable "operations and activities of the government."**

The requested records relate to the agency's communications and decisions regarding withholding federal funding and grants that Congress directed USDA to disburse. These activities are unquestionably "identifiable operations or activities of the government." The Department of Justice Freedom of Information Act Guide expressly concedes that "in most cases records possessed by a federal agency will meet this threshold" of identifiable operations or activities of the government.

2. **The disclosure of the requested documents would be meaningfully informative and "likely to contribute to an understanding of Federal government operations or activities."**

The FOIA Guide makes it clear that, in the Department of Justice's view, the "likely to contribute" determination hinges in part on whether the requested documents provide information that is not already in the public domain. The requested records are "likely to contribute" to an understanding of your agency's activities and decisions because they are not

---

[14] For example, *see* FOIA Request Reference No. 2024-EPA-05254 (fee letter waiver received July 10, 2024); FOIA Request Reference No. EPA-HQ-2017-008402 (fee letter waiver received June 26, 2017).

otherwise in the public domain and are not accessible other than through a FOIA request. Disclosure of the requested records will allow Sierra Club and EIP to convey information to the public about (1) the funding that is temporarily or permanently withheld, and the rationale for the withholding of federal funds (2) the communications of USDA personnel, which will reflect how outside parties may have influenced USDA's actions.

Once the requested records are made available, Sierra Club and EIP will analyze them and present their findings to Sierra Club's members and the general public in a manner that will meaningfully enhance the public's understanding of USDA's actions to withhold federal funding. The documents requested will thus be "meaningfully informative" and "likely to contribute" to an understanding of USDA's operations and the implications for a multitude of projects around the country.

The requested records are not otherwise in the public domain and are not accessible other than through a FOIA request. USDA has not provided any detail to the public as to the specific effects of its funding freeze, the rationales for freezing particular programs or grants, or the results of its review of specific programs, as sought by this request.

3. **The disclosure would contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons.**

Sierra Club and EIP have longstanding experience and expertise in the subject area of the FOIA requests, including issues related to government accountability and transparency, and the activities that properly fall within the mission of the USDA.

Sierra Club and EIP disseminate the information they receive through FOIA requests in a variety of ways, as described in the Request for Expedited Processing above.

Sierra Club and EIP intend to share the information received from this FOIA request with the general public, our impacted members across the country, the media, and our allies who share a common interest in the operations of the USDA.

Sierra Club and EIP unquestionably have the "specialized knowledge" and "ability and intention" to disseminate the information requested in the broad manner outlined above, and to do so in a manner that contributes to the understanding of the "public-at-large."

4. **The disclosure would contribute "significantly" to public understanding of government operations or activities.**

As discussed in section (2) above and in the Request for Expedited Processing, the records

requested will contribute to the public understanding of the USDA's "operations and activities."

5. **The requester has no commercial interest that would be furthered by the requested disclosure.[15]**

Sierra Club and EIP have no commercial interest in the requested records. Nor does either organization have any intention to use these records in any manner that "furthers a commercial, trade, or profit interest" as those terms are commonly understood. Sierra Club is a nonprofit, tax-exempt organization under sections 501(c)(3) and 501(c)(4) of the Internal Revenue Code; EIP is a nonprofit organization under section 501(c)(3). As such, neither organization has a commercial interest. The requested records will be used for the furtherance of Sierra Club's and EIP's missions to inform the public on matters of vital importance to the environment and public health.

Sierra Club and EIP respectfully request that USDA waive processing and copying fees pursuant to 5 U.S.C. § 552(a)(4)(A) because the public will be the primary beneficiary of this requested information. In the event that your agency denies a fee waiver, please send a written explanation for the denial. Please do not incur expenses beyond $250 without first contacting our office for explicit authorization.

Thank you for your cooperation. If you find that this request is unclear in any way please do not hesitate to call me to see if I can clarify the request or otherwise expedite and simplify your efforts to comply.

*/s/ Joshua Smith*
Joshua Smith                                       Sanghyun Lee
Sierra Club Environmental Law Program              Environmental Integrity Project
2101 Webster Street, Suite 1300                    888 17th Street NW, Suite 810
Oakland, CA 94612                                  Washington, DC 20006
joshua.smith@sierraclub.org                        (202) 263-4441
(415) 977-5560                                     SLee@environmentalintegrity.org

---

[15] Because Sierra Club and EIP have no commercial interest in the requested material, the requesters also satisfy the final factor for a fee waiver, which compares the magnitude of an identified commercial interest to the public interest in disclosure.