Exhibit D



April 4, 2025

***VIA ELECTRONIC MAIL***

FOIA Officer
Rural Development
U.S. Department of Agriculture
1400 Independence Avenue, SW
Room 6900-S, Stop 0706
Washington, DC 20250
RD.FOIA@usda.gov

**Re:     Freedom of Information Act Request: Rural Utilities Service Staffing Changes**

Dear FOIA Officer:

This is a request under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), from Sierra Club. Sierra Club is a nonprofit organization whose purpose is to explore, enjoy and protect the wild places of the earth; to practice and promote the responsible use of the earth's ecosystems and resources; and to educate and enlist humanity to protect and restore the quality of the natural and human environments.

## **REQUESTED RECORDS**

Sierra Club requests the following records[1] in the possession, custody, or control of the Rural Utilities Service regarding recent staffing changes and vacancies. The time period for this request is January 20, 2025 through the date of your search for records.

1. Written notices of reassignments sent to Rural Utilities Service Senior Executive Service members.
2. Written consent waivers for reassignments sent by Senior Executive Service members.
3. Records reflecting vacant positions that Rural Utilities Service cannot fill as a result of the January 20, 2025 Executive Order entitled Hiring Freeze, or related or subsequent

---

[1] "Records" means information of any kind, including, but not limited to, documents (handwritten, typed, electronic of otherwise produced, reproduced, or stored), letters, e-mails, text messages, facsimiles, memoranda, correspondence, notes, databases, drawings, graphs, photographs, minutes of meetings, electronic records of meetings, and any other compilation of data from which information can be obtained.

directives from the Executive Office of the President, or the United States Office of
Personnel Management.

4. Records reflecting the positions of Rural Utilities Service employees eliminated since
   January 20, 2025, including job title, GS level, office, and division.

5. Records reflecting Rural Utilities Service positions filled pursuant to Excepted Service
   hiring authorities (i.e., not through a competitive hiring process) since January 20, 2025,
   including the job title, GS-level, office, and division for each position.

6. Records reflecting Rural Utilities Service positions filled by Special Government
   Employees since January 20, 2025, including the job title, GS-level, office, and division
   for each position.

7. Records reflecting Rural Utilities Service positions filled since January 20, 2025, other
   than those disclosed in response to requests 5 and 6 above, including the job title, GS
   level, office, and division for each position

If the agency's records reflect some, but not all, of the categories of information listed in the
above requests, please provide records reflecting that partial information.

## **DUTY TO PRESERVE RECORDS**

Rural Development must preserve all the records requested herein while this FOIA is pending or
under appeal. 7 C.F.R. § 1.11 ("[r]ecords shall not be disposed of, or destroyed, while they are
the subject of a pending request, appeal, or lawsuit under the FOIA"); *see Chambers v. U.S.
Dep't of Interior,* 568 F.3d 998, 1004 (D.C. Cir. 2009) ("an agency is not shielded from liability
if it intentionally transfers or destroys a document after it has been requested under FOIA or the
Privacy Act"). Accordingly, please immediately advise custodians of potentially responsive
records that the above records have been requested under FOIA and therefore may not be
destroyed.

If any of the requested records are destroyed, the agency and responsible officials are subject to
attorney fee awards and sanctions, including fines and disciplinary action. Courts have held
federal agencies in contempt for "contumacious conduct" and ordered them to pay plaintiff's
costs and fees for destroying "potentially responsive material contained on hard drives and email
backup tapes." *Landmark Legal Found. v. Dep't of Interior*, 272 F.Supp.2d 59, 62 (D.D.C.
2003); see also *Judicial Watch, Inc. v. Dep't of Commerce*, 384 F. Supp. 2d 163, 169 (D.D.C.
2005) (awarding attorneys' fees and costs because, among other factors, agency's "initial search
was unlawful and egregiously mishandled and …likely responsive documents were destroyed
and removed"), *aff'd in relevant part*, 470 F.3d 363, 375 (D.C. Cir. 2006) (remanding in part to
recalculate attorney fees assessed). In another case, in addition to imposing a $10,000 fine and
awarding attorneys' fees and costs, the court found that an Assistant United States Attorney
prematurely "destroyed records responsive to [the] FOIA request while [the FOIA] litigation was
pending" and referred him to the Department of Justice's Office of Professional Responsibility.

2

*Jefferson v. Reno*, 123 F. Supp. 2d 1, 6 (D.D.C. 2000).

## EXEMPT RECORDS

Should you decide to invoke a FOIA exemption with regard to any of the requested records, please include in your full or partial denial letter sufficient information for the requesters to appeal the denial. To comply with legal requirements, the following information must be included:

1. Basic factual material about each withheld item, including the originator, date, length, general subject matter, and location of each item; and

2. Explanations and justifications for denial, including the identification of the category within the governing statutory provision under which the document (or portion thereof) was withheld and a full explanation of how each exemption fits the withheld material.

If you determine that portions of the records requested are exempt from disclosure, we request that you segregate the exempt portions and deliver the non-exempt portions of such records to my attention at the address below within the statutory time limit. 5 U.S.C. § 552(b).

## FORMAT OF REQUESTED RECORDS

Under FOIA, you are obligated to provide records in the format requested if the record is readily reproducible by the agency in that format. *See, e.g.*, 5 U.S.C. § 552(a)(3)(B). We request that you provide electronic documents individually, and not as batched files. Specifically, for any document stored as Electronically Stored Information (ESI), we request that the document be produced in the native file type. This includes e-mail (whether sent, received or drafted), word-processing files, tables, charts, graphs and database files, electronic calendars, proprietary software files, and spreadsheets. ESI can also be provided in the form of a load file that includes a common file type (TIFF, HTML, PDF) while maintaining access to the native file and its source data, including the ability to keyword search documents.

## RECORD DELIVERY

We appreciate a prompt determination on the requested records. As mandated in FOIA, we anticipate a reply within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i); 7 C.F.R. § 1.7. Failure to comply within the statutory timeframe may result in the requesters filing an action before the

relevant U.S. District Court to ensure timely receipt of the requested materials. You may email copies of the requested records to:

Radhika Swaminarayan
radhika.swaminarayan@sierraclub.org

If you are unable to deliver the documents through electronic means, please deliver the documents to:

Radhika Swaminarayan
Sierra Club - Environmental Law Program
50 F Street NW, 8th Floor, Washington, DC 20002

Please send documents on a rolling basis. USDA's search for—or deliberations concerning—certain records should not delay the production of others that USDA has already retrieved and elected to produce. *See generally* 7 C.F.R. § 1.5 (describing response deadlines).

## **FEE WAIVER REQUEST**

I respectfully request that you waive all fees in connection with this request as provided by 5 U.S.C. § 552(a)(4)(A)(iii) and 7 C.F.R. § 1.5, 1.12(p)(1). Sierra Club is the nation's oldest grassroots organization with more than 1.6 million members and supporters nationwide. Sierra Club is a leading non-governmental organization seeking to educate and mobilize the public on issues of environmental protection including climate change, fossil fuel energy, clean energy and clean water.

Sierra Club has spent years promoting the public interest through the development of policies that protect human health and the environment, and have routinely received fee waivers under FOIA.[2]

FOIA was designed to provide citizens a broad right to access government records. FOIA's basic purpose is to "open agency action to the light of public scrutiny," with a focus on the public's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 773-74 (1989) (internal quotation and citations omitted). In order to provide public access to this information, FOIA's fee waiver provision

---

[2] *See, e.g.*, FOIA Request Reference No. 2024-EPA-05254 (fee letter waiver received July 10, 2024).

4

requires that "[d]ocuments shall be furnished without any charge or at a [reduced] charge," if the request satisfies the standard. 5 U.S.C. § 552(a)(4)(A)(iii). The 1986 fee waiver amendments were designed specifically to provide non-profit organizations such as Sierra Club access to government records without the payment of fees. *Ettlinger v. FBI*, 596 F. Supp. 867, 872 (D. Mass. 1984) (fee waiver provision intended "to prevent government agencies from using high fees to discourage certain types of requesters and requests," which are "consistently associated with requests from journalists, scholars, and non-profit public interest groups.").

As explained below, this FOIA request satisfies the factors listed in USDA's governing regulations for waiver or reduction of fees, as well as the requirements of fee waiver under the FOIA statute – that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii), *see also* 7 C.F.R. § Pt. 1, Subpt. A, App. A.

**1. The subject matter of the requested records specifically concerns identifiable "operations and activities of the government."**

The requested records relate to agency staffing changes made during the new Administration. By their very definition, the documents concern "identifiable operations or activities of the government."

**2. The disclosure of the requested documents would be meaningfully informative and "likely to contribute to an understanding of Federal government operations or activities."**

Disclosure of the requested records will allow Sierra Club to convey information to the public about the Trump Administration's efforts to downsize or reassign USDA career staff, the effects of the federal hiring freeze, and the role of new political staff hired by the agency. This request is focused on the Rural Utilities Service, because it is responsible for administering two key clean energy programs aimed at promoting clean energy and improving the resilience of rural electric systems: the Empowering Rural America (New ERA) program and the Powering Affordable Clean Energy (PACE) program.

Once the requested records are made available, Sierra will analyze them and present their findings to its members and the general public in a manner that will meaningfully enhance the public's understanding of USDA's actions and how they may impact the administration of the

5

New ERA and PACE programs. The documents requested will thus be "meaningfully informative" and "likely to contribute" to an understanding of USDA's operations and the implications for projects around the country.

The requested records are not otherwise in the public domain and are not accessible other than through a FOIA request. Although the Administration's efforts to reduce the federal workforce are well known, USDA has not provided any information to the public as to staffing changes at the Rural Utilities Service.

**3.  The disclosure would contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons.**

Through its advocacy to transition the electric sector away from fossil fuels and towards clean energy, Sierra Club has longstanding experience with the Rural Utilities Service's activities, and the programs it administers. As a result, Sierra Club has special insight into the implications of the disclosures sought by this request as to Rural Utilities Service staff vacancies and reassignments of key personnel.

Sierra Club intends to share the information received from this FOIA request with the public at large, our members, the media and our allies who share a common interest in the operations of the Rural Utilities Service. Sierra Club disseminates the information it receives through FOIA requests in a variety of ways: analysis and distribution to the media, distribution through publication and mailing, posting on its website, emailing and list serve distribution to our members across the U.S., and via public meetings and events.

Every year, the Sierra Club website receives 15 million-page views by 6,003,134 users; on average, the site gets 39,474 visits per day. Sierra is a quarterly magazine with a printed circulation of approximately 370,000 copies. An additional 60,000 Sierra Club members receive a "tree-free" digital replica edition. Sierra publishes online daily at [www.sierramagazine.org](http://www.sierramagazine.org) and reaches about 150,000 readers a month, most of whom are not Sierra Club members or supporters. Sierra Club Insider, an electronic newsletter, is sent to over 2.2 million people twice a month. In addition, Sierra Club disseminates information obtained by FOIA requests through comments to administrative agencies, and where necessary, through the judicial system.

Sierra Club thus has the "specialized knowledge" and "ability and intention" to disseminate the information requested in the broad manner outlined above, and to do so in a manner that contributes to the understanding of the "public-at-large."

**4.  The disclosure would contribute "significantly" to public understanding of government operations or activities.**

The records requested will allow Sierra Club to disclose and explain to the public the facts and implications of staffing changes at the Rural Utilities Service, the specifics of which have not been made public to date. As discussed above, the Rural Utilities Service is responsible for administering key funding programs that impact clean energy, climate pollution, and the reliability of the rural electric grid. Records that reveal exactly which of the agency's positions have been eliminated, or remain vacant due to the hiring freeze, will significantly contribute to the public's understanding of the impact that the new administration's drive to make staffing cuts will have on these and other programs. Information related to new hires and transfers will also provide important details to illustrate the agency's priorities.

**5.  The requester has no commercial interest that would be furthered by the requested disclosure.[3]**

Sierra Club has no commercial interest in the requested records. Nor do they have any intention to use these records in any manner that "furthers a commercial, trade, or profit interest" as those terms are commonly understood. Sierra Club is a nonprofit organization under sections 501(c)(3) and 501(c)(4) of the Internal Revenue Code, and as such, the organization has no commercial interest. The requested records will be used for the furtherance of Sierra Club's work to inform the public on matters of vital importance to the environment and public health.

Sierra Club respectfully request that USDA waive processing and copying fees pursuant to 5 U.S.C. § 552(a)(4)(A) because the public will be the primary beneficiary of this requested information. In the event that your agency denies a fee waiver, please send a written explanation for the denial. In the event that fees are ultimately assessed, please do not incur expenses beyond $250 without first contacting our office for explicit authorization.

Thank you for your cooperation. If you find that this request is unclear in any way please do not hesitate to contact me to see if I can clarify the request or otherwise expedite your efforts to comply.

---

[3] Because Sierra Club has no commercial interest, it is not necessary to consider the final factor for a fee waiver, which compares the magnitude of an identified commercial interest to the public interest in disclosure.

Sincerely,

*/s/Elena Saxonhouse*
Elena Saxonhouse
Managing Attorney
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5765
elena.saxonhouse@sierraclub.org